# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA MARY CODER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00497-CDB  (SS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) AS MODIFIED**<br><br>(Doc. 18) |

Pending before the Court is the motion of Wendy B. Pfau, counsel for Plaintiff, for an award of attorney fees in the amount of $46,810.50. (Doc. 18).[1] Defendant filed a response in which it asserts that any order granting the motion should require counsel for Plaintiff to refund the previously awarded Equal Access to Justice Act (EAJA) fee of $2,725.00. (Doc. 21 p. 4).

On June 30, 2021, the Court granted Plaintiff's request for judicial review and remanded this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 14). On remand, Plaintiff was awarded past due Title XVI benefits in the amount of $187,242.00. (Doc. 18 p. 2).

Pursuant to a retainer agreement between Plaintiff and her attorney (Ms. Pfau), Plaintiff

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings in this action and the action was reassigned to the undersigned on August 17, 2022. (Docs. 9, 23).

agreed to pay to her attorney 25 percent of any past-due benefits won as a result of the appeal in this case. (Doc. 18-1). The award sought by counsel for Plaintiff in the pending motion equals 25 percent of the past due benefits awarded to plaintiff. *See* (Doc. 18 p. 2). Counsel for Plaintiff attests she spent 13.25 hours litigating this case. (Doc. 18 pp. 4, 6 ¶ 11).

42 U.S.C. § 406 (b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

"The award under § 406(b) of the Social Security Act merely allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits." *Russell v. Sullivan*, 930 F.2d 1443, 1146 (9th Cir. 1991). However, the 25 percent statutory maximum is not an automatic entitlement; the Court must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.") "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

After this Court remanded this case for further proceedings, Plaintiff was found disabled since June 30, 2015, and the Commissioner awarded her $187,242.00 in past due benefits. The Commissioner withheld from that award $46,810.50, which represented 25 percent of the award, for attorney fees. (Doc. 18-2 p. 2-3). The amount requested by counsel here, $46,810.50, when divided by the number of hours spent (13.25) represents an hourly rate of approximately $3,532.87 per hour. Counsel did not delay these proceedings and there is nothing in the record to suggest her representation of Plaintiff was substandard. Indeed, she successfully represented her client's interests before this Court and obtained a favorable outcome.

1       However, *Gisbrecht* instructs that where "the benefits are large in comparison to the amount of time counsel spent on the case," a downward adjustment in the requested fee award may be appropriate. *Gisbrecht*, 535 U.S. at 808. And the attorney bears the burden of establishing that the sought after fee is reasonable. *Harrell v. Berryhill*, No. 16-cv-02428-MEJ, 2018 WL 4075883, at *3 (N.D. Cal. Aug. 27, 2018) (citing *Gisbrecht,* 535 U.S. at 807).

      Plaintiff here recovered $187,242.00 in past due benefits and the contracted contingency fee amounted to $46,810.50. Counsel for Plaintiff spent 13.25 hours of attorney time in this case. (Doc. 18 p. 8). Although the administrative record in this case spans close to 1,200 pages (Doc. 10), Plaintiff did not file a motion for summary judgment, and instead prevailed on her claims following a stipulation to voluntarily remand this case. (Doc. 13). Counsel summarily asserts that there was no guarantee of success but does not elaborate further. (Doc. 18 p. 8). Similarly, although she asserts the case presented "complex medical and legal issues" (*id.*), she provides no detail or otherwise explains or elaborates about those unidentified medical and legal issues. In addition, Counsel did not provide any evidence of her past awards in similar cases that would inform the reasonableness of the award sought here. Indeed, the Court notes that the requested award would amount to more than a 16-fold multiplier of Counsel's then-standard hourly rate. *See* (Doc. 18, Ex. 3 p. 2).

      Counsel's suggested de facto rate of $3,532.87 per hour far exceeds the bounds of what is reasonable absent extraordinary circumstances. *See Crawford*, 856 F.3d at 1153 (Clifton, J. concurring in part) (finding fees of $519, $575, and $902 per hour for both attorneys and paralegals to not be excessive). Since *Crawford*, other district courts have found even higher hourly rates to be reasonable. *See e.g., Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, 2020 WL 1306983, at *2-3 (E.D. Cal. Mar. 19, 2020) (finding $1,025.22 per hour for 23.2 hours of paralegal and attorney time to be a reasonable amount); *Desiree D. v. Saul*, No. 3:19-cv-01522-RBM, 2021 WL 1564331, at *3 (S.D. Cal. Apr. 20, 2021) (approving de facto hourly rate of $1,494.34 for 10.95 hours of attorney time and 3.4 hours of paralegal time); *Stevenson v. Saul*, No. CV 16-9524-JC, 2019 WL 6646697, at *3 (C.D. Cal. Aug. 30, 2019) (approving de facto hourly rate of $1,492.57 for 21.6 hours of representation but stating that the fee is "pushing the

upper limit of what is reasonable"). However, the Court is unaware of any district court in the Ninth Circuit that has found an effective hourly rate of $3,532.77 to be reasonable.

Instead, courts have reduced attorney awards when the de facto hourly far exceeded the boundaries of reasonableness. *Biggerstaff v. Saul*, No. CV 15-853 JC, 2019 WL 4138015, at *3-5 (C.D. Cal. July 5, 2019), *aff'd* 840 Fed. App'x 69 (9th Cir. 2020) (reducing de facto combined attorney and paralegal rate of $2,136 for 19.2 hours spent to $1,400 per hour); *Ramon R. v. Saul*, No. ED CV 18-2369-E, 2021 WL 4805438, at *3 (C.D. Cal. June 3, 2021) (finding de facto hourly rate of $1632.65 for 9.8 hours spent to be excessive and reducing it to $1,400 per hour); *Joseph S. v. Kijakazi*, No. CV 20-09138-DJM, 2023 WL 2628243, at *2 (C.D. Cal. Jan. 23, 2023) (reducing requested hourly rate of $2,000 for 11.9 hours of attorney time to $1,600 per hour for attorney time). While Counsel should not be penalized for efficient performance, she is not entitled to a windfall, especially given her failure to establish that this case presents excessively unusual or difficult issues. Thus, although it is Counsel's burden of establishing that the requested fee is reasonable, the Court has reviewed portions of the administrative record and assesses that the relevant issues for review were not complex. The ALJ's written opinion is relatively brief (ten pages), addresses a fairly standard number and type of medically determinable impairments, and considers an average number and type of medical and other sources. *See* (Doc. 10-18 at AR 15-24).

The Court finds that fully enforcing the contingency agreement would not be reasonable for the services rendered. *Oliver v. Saul*, No. CV 19-09715-AS, 2022 WL 16860272, at *2-3 (C.D. Cal. July 21, 2022) (finding full enforcement of contingency agreement unreasonable within the meaning of *Gisbrecht*). Accordingly, the Court finds $1,500.00 to be an appropriate hourly award when compared to similar fee requests in the Eastern District of California at around the same time. *See Langston v. Saul*, No. 1:18-cv-00273-SKO, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) (finding effective hourly rate of $1,453.42 spent for 18.9 hours of attorney and paralegal hours appropriate). Thus, Counsel is entitled to a total fee award of $19,800.00.

An award of Section 406(b) fees must be offset by any prior award of attorney's fees

4

granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff's counsel has already been awarded EAJA fees in the amount of $2,725.00. (Doc. 17). Therefore, any Section 406(b) fees must be offset by $2,725.00 and refunded to Plaintiff.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for Plaintiff's Motion for Attorney's Fees (Doc. 18) pursuant to Section 406(b) is GRANTED AS MODIFIED.
2. The Commissioner shall certify a payment of a gross award in the amount of $19,800.00 to Wendy B. Pfau of the Law Offices of Potter, Cohen, Samulon and Padilla.
3. The Law Offices of Potter, Cohen, Samulon and Padilla shall refund to Plaintiff Cassandra Mary Coder EAJA fees previously awarded in the amount of $2,725.00.

IT IS SO ORDERED.

Dated: **April 23, 2024**

UNITED STATES MAGISTRATE JUDGE